UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT JOHNSON,<br><br>           Plaintiff,<br><br>    v.<br><br>UNNAMED DEFENDANTS,<br><br>           Defendants. | 1:16-cv-00708-DAD-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 23.)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 6.)

Plaintiff's complaint is before the Court for screening.[1]

---

[1] Plaintiff initiated this action on March 9, 2016, in the Southern District of California, and this case was transferred to the Eastern District of California on May 20, 2016. Before the court had an opportunity to screen his complaint, Plaintiff moved to amend it. (ECF No. 21.) That motion was denied on July 22, 2016, because Plaintiff had the right to amend once as a matter of course pursuant to Federal Rule of Civil Procedure 15. Over two and one half months later, Plaintiff still has not filed an amended pleading. Accordingly, the undersigned screens his original complaint in this order.

1

## I. Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

Plaintiff, who at all relevant times was an inmate housed at North Kern State Prison ("NKSP") in Delano, California, brings this action without identifying any Defendants.

Plaintiff's claims can be summarized as follows:

Plaintiff is being denied adequate medical care at NKSP. Though it is not entirely clear, he may also have been denied food and suffered a 40-pound weight loss.

Plaintiff does not specify the type of relief he seeks.

### IV. Analysis

#### A. Linkage

Plaintiff has failed to identify any individuals in connection with the violation of his constitutional rights. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of hers rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If Plaintiff chooses to file an amended complaint, he must specifically name one or more Defendants who are claimed to have violated his rights, and he must also allege specific facts identifying the role of each Defendant in the violation of his rights.

Since the complaint does not name any Defendant, it must be dismissed. However, leave to amend will be granted. Should Plaintiff choose to amend, the Court sets forth below the applicable legal standards for the claims Plaintiff appears to assert in his complaint.

#### B. Eleventh Amendment Immunity

If Plaintiff chooses to amend, he should also clarify whether he is bringing suit against the Defendant(s) in his or her official capacities. Plaintiff is forewarned that any claim for damages against any Defendant in his or her official capacity is barred. "The Eleventh Amendment bars suits for money damages in federal court against a state, its

agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991).

### C. Eighth Amendment

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "...embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

#### 1. Medical Indifference

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An

injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "...unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

### 2.   Denial of Food

The intentional denial of food resulting in a significant loss of weight and illness over the course of months states a sufficiently serious deprivation. See Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) ("Adequate food is a basic human need protected by the Eighth Amendment."); see also Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (finding sufficiently serious deprivation where inmate was denied 16 meals in 23 days); Simmons v. Cook, 154 F.3d 805, 807-09 (8th Cir. 1998) (affirming Eighth Amendment violation where inmates were deprived of four consecutive meals); Robles v. Coughlin,

725 F.2d 12, 16 (2d Cir. 1983) (finding that allegations of deprivation of meals and contaminated food were sufficient to withstand dismissal of inmate's Eighth Amendment claim).

**V.    Conclusion**

Based on the foregoing, the Court finds that Plaintiff fails to state a claim. Plaintiff will, however, be granted leave to amend. If Plaintiff files a first amended complaint, it must identify specific Defendants and must also state what each named Defendant did that led to the deprivation of his constitutional rights. Iqbal, 556 U.S. at 676-77. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an "amended complaint supersedes the original" complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's March 9, 2016, Complaint (ECF No. 1) is dismissed for failure to state a claim;

2.    Plaintiff shall file a First Amended Complaint within thirty days from the date of this Order; and

3. Plaintiff's failure to file an amended complaint within thirty days will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: October 17, 2016          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE