UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>UNNAMED DEFENDANTS,<br><br>        Defendants. | 1:16-cv-00708-DAD-MJS (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE A FOURTH AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EIGHTH AMENDMENT CLAIM AGAINST DR. LE**<br><br>**(ECF NO. 31)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Second Amended Complaint was dismissed with leave to amend on December 8, 2016, for misjoinder pursuant to Federal Rule of Civil Procedure 20. (ECF No. 32.) Plaintiff's has now filed a Third Amended Complaint, which is before the Court for screening.

**I.    Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff names Dr. Le and "ADA Warden" Jackie Jeter as Defendants for conduct that occurred while he was housed at Kern Valley State Prison ("KVSP") in Delano, California.

Plaintiff's allegations may be fairly summarized as follows:

1    Plaintiff suffers from an unspecified illness. He alleges, although it is not entirely
2 clear, that he was provided with a medical chrono relating to diet while housed at
3 Ironwood State Prison ("ISP") in Blythe, California.
4    Following Plaintiff's transfer to KVSP, he began to lose weight, presumably
5 because the medical chrono issued at ISP was not being followed. When Plaintiff raised
6 this issue with Dr. Le, she would not look at the chrono because she said her computer
7 only goes back three years. Dr. Le also denied Plaintiff an extra tray for meals after he
8 complained of pain and weight loss on the grounds he did not meet weight requirements.
9 From October 2015 to March 2016, Plaintiff suffered pain and significant weight loss.
10    Plaintiff next alleges that ADA Warden Jeter denied Plaintiff a package needed to
11 help with weight loss because Plaintiff is blacklisted.
12    Plaintiff seeks $35,000 against each Defendant. He may also be seeking
13 unspecified injunctive relief.
14 **IV.    Analysis**
15    **A.    Eighth Amendment**
16    The treatment a prisoner receives in prison and the conditions under which the
17 prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits
18 cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer
19 v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "...embodies broad and
20 idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v.
21 Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh
22 and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison
23 officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and
24 personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).
25    A prison official violates the Eighth Amendment only when two requirements are
26 met: (1) objectively, the official's act or omission must be so serious such that it results in
27 the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the
28 prison official must have acted unnecessarily and wantonly for the purpose of inflicting

3

harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "...unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

In applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to

4

his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Plaintiff's allegations as to Dr. Le are not entirely clear. He appears to allege that Dr. Le denied him medical care when she declined to abide by a medical chrono issued at a previous institution. He indicates thought that Dr. Le attempted to locate the chrono but could not because her computer could not pull up information that old. Such facts reveal a frustrated attempt to help, not deliberate indifference.

Plaintiff next alleges that Dr. Le refused to provide him with extra food trays despite his complaints of pain and significant weight loss. These allegations are sufficient to state a medical indifference claim.

**B.     The Americans with Disabilities Act**

Title II of the Americans with Disabilities Act ("ADA"), prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir.2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

The ADA authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity.'" Pennsylvania Dep't. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998). "To recover monetary damages under Title II of the

ADA ..., a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir.2001). The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139.

Plaintiff's allegations as to Jackie Jeter are too vague and conclusory to state a claim and certainly fall short of the requirements for bringing an ADA claim. Because there are simply no allegations to suggest intentional discrimination, this claim will be dismissed.

### C. First Amendment Mail Tampering

Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, an isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); Witherow, 52 F.3d at 266 (First Amendment not violated where prison's mail regulation related to a legitimate penological interest). Moreover, the right to receive mail is subject to "substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security." Walker v. Sumner, 917 F.2d 382, 385 (9th Cir.1990) (citations omitted). To be constitutional, an action or regulation restricting an inmate's ability to send or receive mail must be "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

To the extent Plaintiff is accusing Jackie Jeter of tampering with his mail, his allegations suggest only an isolated incident, which is not actionable as alleged. This claim must therefore be dismissed.

### V. Conclusion

Plaintiff's Third Amended Complaint states only a cognizable Eighth Amendment

6

medical indifference claim against Dr. Le for denying Plaintiff extra trays of food. His complaint states no other cognizable claims.

The Court will grant Plaintiff **one final opportunity** to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If Plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claim found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim. The undersigned will then recommend to the district judge assigned to this case to dismiss the other claims and Defendant.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

   1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

    2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

        a. File a Fourth Amended Complaint curing the deficiencies identified by the Court in this order, or

        b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claim found to be cognizable in this Order; and

    3. If Plaintiff fails to comply with this order, the undersigned will recommend dismissal of this action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   January 23, 2017          /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE