UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>UNNAMED DEFENDANTS,<br><br>        Defendants. | 1:16-cv-00708-DAD-MJS (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>**(ECF NO. 39)**<br><br>**CASE TO REMAIN CLOSED** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. He initiated this action on March 9, 2016, and was granted leave to proceed in forma pauperis on September 27, 2016. (ECF No. 26.) Since Plaintiff was still obligated to pay the statutory fee of $350 for this action, the undersigned directed the California Department of Corrections and Rehabilitation to deduct a monthly amount until the filing fee was paid in full. Movant then voluntarily dismissed this action on March 30, 2017. He has now filed a motion for clarification asking whether he must still pay the remainder of the filing fee for a closed case. ECF No. 39.) The short answer is, yes.

Pursuant to the in forma pauperis statute, 28 U.S.C. § 1915(b)(1),

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist,

>> collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-
>>
>>> (A) the average monthly deposits to the prisoner's account; or
>>>
>>> (B) the average monthly balance in the prisoner's account for the 6–monthly period immediately proceeding the filing of the complaint or notice of appeal.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of Plaintiff's filing fee, or to return the filing fee after dismissal of an action. It is clear that in amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits in forma pauperis. See Lyon v. Krol, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. See, e.g., H.R. Conf. Rep. No. 104–378, at 166–67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole)").

"Filing fees are part of the costs of litigation." Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir.1998). Prisoner cases are no exception. The PLRA has no provision for return of fees that are partially paid or for cancellation of the remaining fee. See Goins v. Decaro, 241 F.3d 260, 261-62 (2d Cir. 2001) (inmates who proceeded pro se and in forma pauperis were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" Goins, 241 F.3d at 261.

The decision to file and prosecute this case was made by Plaintiff before he filed this case. Having filed this case, Plaintiff and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for clarification (ECF No. 29) is GRANTED.

IT IS SO ORDERED.

Dated:   July 24, 2017              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE